215 N.J. Super. 301 (1987)
521 A.2d 1298
KERR STEAMSHIP CO., INC., PLAINTIFF,
v.
JOHN WESTHOFF, JR., DEFENDANT-APPELLANT. (IN THE MATTER OF JOHN WESTHOFF, JR., CHARGED WITH CONTEMPT OF COURT).
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 1987.
Decided February 18, 1987.
*303 Before Judges DREIER, SHEBELL and STERN.
David S. Rudenstein attorney for appellant (David S. Rudenstein, on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent State of New Jersey (Maryellen Halloran, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant has appealed from a contempt judgment of the Law Division entered under R. 1:10-1, authorizing a summary punishment for contempt in the presence of the court, without the necessity of notice or an order to show cause. The comprehensive opinion of Judge Weinberg has been reported at 204 N.J. Super. 300 (Law Div. 1985). Insofar as the opinion explains Judge Weinberg's reasons for adjudging defendant in contempt, we affirm substantially for those reasons.
There are, however, two issues not addressed in the opinion but which require further discussion. The first is whether the trial judge properly determined that the misstatements of defendant constituted a contempt in the presence of the court punishable in a summary manner, as opposed to a contempt to be prosecuted on an order to show cause before a different judge pursuant to R. 1:10-2 through 4. The second issue concerns the punishment assessed by the trial judge, 90 days in jail to be served during 45 consecutive weekends. We will treat these issues in order.

I
As noted in In re Yengo, 84 N.J. 111, 121 (1980) cert. den. 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1981):

*304 When the contempt is in the presence of the court, the judge may act summarily without notice or order to show cause. R. 1:10-1. On other occasions the proceedings shall be on notice and on an order for arrest or an order to show cause. R. 1:10-2. In addition, the matter may not be heard by the judge allegedly offended, except with the consent of the person charged. R. 1:10-4.
The reasons for notice and hearing for a contempt occurring outside the presence of the court `are, first, that there is no need to deal so abruptly with an offense which does not constitute an obstruction within the courtroom itself, and second, that since the court does not know by its own senses all of the facts constituting the offense, there must be a trial to adduce them.' In re Contempt of Carton, supra, 48 N.J. [9,] 22 [1966].
In this case defendant has not raised the issue of whether the contempt hearing should have been heard by Judge Weinberg or by some other judge, and we further note that the contempt hearing was continued for approximately four weeks, during which time defendant raised no objection to Judge Weinberg's continued participation. Under R. 1:10-4 consent of the party charged obviates the need for a new judge to hear the matter, and such consent can be inferred from defendant's lack of objection. We further note that defendant's explanations concerning the contempt, when separated from the substantive testimony warranting the vacation of the settlement, related solely to defendant's state of mind when he made the apparently false statements quoted in the Law Division opinion. As noted in a different context in In re Yengo, supra:
Where the explanation is clearly inadequate, the need to maintain the authority of the court should predominate. The offense should be treated as a direct contempt. [84 N.J. at 128].
See also In re Hinsinger, 180 N.J. Super. 491, 496 (App.Div. 1981). The evident discrepancies between defendant's statements at the settlement hearing and in his affidavit and his testimony at the motion and contempt hearings would make any explanation plainly inadequate.
Where, as here, a summary contempt is proper, the defendant is entitled to show at the summary hearing that he did not act with the requisite mens rea. In the matter of Contempt of Carton, 48 N.J. 9, 21 (1966); In re Hinsinger, supra, 180 N.J. Super. at 497. This was properly permitted by *305 Judge Weinberg in this case. He gave defendant two weeks, extended to four, to show that statements were not made with an intention to mislead the court; but such a delay did not automatically convert the case into one requiring a hearing before another judge. Compare In re Hinsinger, supra, 180 N.J. Super. at 493, where the contempt hearing was continued for six days. Defendant's statements were needed both for his application to vacate the settlement previously approved by the trial judge, as well as to evaluate the mens rea relative to the contempt. See In re Yengo, supra.

II
The sole point on which we take some issue with the trial judge is the penalty imposed. We note that the trial judge found that a fine would not be meaningful and that a period of incarceration was necessary. We agree that in this factual setting the fine would be inappropriate, since, due to defendant's virtual insolvency, it merely would divert money from the disputed settlement for payment to the State.
This court is nevertheless given the power to make an independent review of the facts and law. In re Yengo, supra, 84 N.J. at 127; R. 2:10-4. "On appeal, our task is to try the matter de novo on the record below, both as to the facts and the law." In re Hinsinger, supra, 180 N.J. Super. at 498. We are further enjoined by R. 2:10-4, to "render such judgment and order for enforcement thereof as [we deem] just under the circumstances." From our independent review of the nature of the settlement proceedings in which defendant's misstatements were made, his family situation, his full admission of his wrongdoing and apparently genuine expressions of remorse, we impose a 10-day custodial term to be served on five consecutive *306 weekends, with credit for any time served pursuant to the original Law Division order prior to the entry of any stay[1].
The judgment appealed from is modified with respect to sentence and, except as so modified, is affirmed.
NOTES
[1] We do not read the presumption of or against imprisonment, N.J.S.A. 2C:44-1d and e, as applying to a contempt proceeding under R. 1:10. N.J.S.A. 2C:1-5c.